1 | Page

UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | | |
|---|---|---|
| WAYNE STOKER<br>Plaintiff | §<br>§<br>§ | |
| V. | § | Civil Action No. 2:10cv583 |
| | § | |
| NORRIS CYLINDER COMPANY /<br>TRIMAS CORPORATION<br>Defendant | §<br>§<br>§<br>§ | |

### DEFENDANT NORRIS CYLINDER COMPANY'S
### RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Norris Cylinder Company, and its parent company, TriMas Corporation (collectively "Norris Cylinder"), pursuant to Federal Rule of Civil Procedure 12(b)(6), file this Motion to Dismiss the "Complaint under Title VII of the Civil Rights Act of 1964" ("Stoker's Complaint") filed by Plaintiff Wayne Stoker ("Stoker") and in support thereof would respectfully show the Court as follows:

A.   *Res judicata*- **Stoker's claims have been fully litigated in a binding Arbitration Proceeding.**

1.   Stoker's complaint filed December 27, 2010, alleges claims of race discrimination and/or retaliation arising from the termination of his employment on July 7, 2009. *See* Stoker's Complaint at ¶¶ 8 and 9. All of Stoker's claims, however, have already been litigated and denied on the merits in a binding Arbitration. All matters arising from Plaintiff's July 7, 2009 discharge from Norris Cylinder Company were fully litigated in an arbitration proceeding which began January 25, 2010 in Cause Number 71 160 00045 09 in the matter of the Arbitration between *Wayne Stoker, Claimant v. Norris Cylinder Company/TriMas Corporation, Respondent,*

1 | Page

conducted under the administration of the American Arbitration Association Employment Arbitration Tribunal. On April 26, 2010, AAA Arbitrator William E. Hartsfield issued a reasoned award and opinion denying Stoker's claims in their entirety.

2. As detailed below, Stoker's claims are barred by the doctrine of *res judicata* and collateral estoppel. Accordingly, Stoker's Complaint fails to state a claim upon which relief may be granted. *See* Federal Rule of Civil Procedure 12(b)(6). Stoker is not entitled to any form of relief based on the facts he has asserted because he has already had his day in court.

3. Stoker's Complaint references an arbitration regarding a "previous EEOC charge." *See* Stoker's Complaint at ¶9. This reference, incorporated into Stoker's pleadings, inevitably incorporates the actual arbitration decision that resolved Stoker's previous EEOC charge and Stoker's claim based on his July 7, 2009 termination from Norris Cylinder. See *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003) (stating that a motion to dismiss "may be employed when the complaint, the documents incorporated by reference in it, matters of public record, and other matters susceptible to judicial notice coalesce to show beyond doubt that an action is barred, under the doctrine of res judicata, by a prior adjudication").[1]

4. Stoker had a full and fair opportunity to litigate his claims in the arbitration proceeding. He did so and lost. Having had one bite at the apple, Stoker is not entitled to another. This lawsuit is barred by res judicata.

---

[1] Because Stoker has specifically referenced the arbitration proceeding on the face of his pleadings, Defendants offer the April 26, 2010 Arbitration Award and brief excerpts of the transcript of proceedings in order to provide the Court with an accurate record of the nature and scope of the arbitration proceedings Stoker has referenced. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (approving, in a Rule 12(b)(6) Motion to Dismiss, consideration of documents referred to in a plaintiff's claim). Here, Stoker has alleged essentially that his termination was in retaliation for his pending arbitration claim. The attached documents are offered by Defendants to establish that Stoker's claims, including his claims of retaliation and discriminatory discharge were actually litigated in the arbitration proceeding he references.

Defendant Norris Cylinder Company's Motion to Dismiss

3 | Page

**B.     All matters alleged in Stoker's Complaint were litigated in the Arbitration.**

5.     Stoker's Complaint provides a description of the circumstances of the alleged discrimination. "Prior to termination on July 7, 2009 I was set to go before an arbitrator for a previous EEOC charge." The arbitration Stoker references in paragraph 9 addressed more than just his previous EEOC charge; in fact, the arbitrator considered and denied all of Stoker's claims stemming from his previous EEOC charge, his September 2009 EEOC Charge and his termination on July 7, 2009 from Norris Cylinder.

6.     A true and correct copy of the Arbitration award is attached hereto as Exhibit "A" to the Affidavit of Daniel C. Steppick and incorporated herein by reference. The Arbitrator's reasoned award specifically notes the following:

> "On July 7, 2009, while this Arbitration was pending, Norris Cylinder discharged Claimant. That act led to the 2009 Discrimination Charges which are part of this proceeding." *See* Award at 2.

The Arbitrator then goes on to discuss in detail the evidence he received in a three-day hearing beginning January 25, 2010.

7.     In the arbitration proceeding, the parties fully litigated Stoker's claim that he was discharged for reasons of retaliation and/or race discrimination. *See* Award at 10 through 12. The Arbitrator considered Stoker's arguments and evidence and denied Stoker's claims in their entirety. *See* Award at 12.

8.     By the time the Arbitration hearing began in January 2010, the EEOC had not issued a right to sue letter regarding Stoker's September 2009 EEOC Charge. For that reason, counsel for both parties and the Arbitrator agreed on record that "all of Stoker's claims against the company were before the Arbitrator specifically including the matters raised in Stoker's September 2009

Defendant Norris Cylinder Company's Motion to Dismiss

EEOC Charge regarding his termination." *See* Excerpts from January 25, 2010 arbitration proceeding at 17-19, attached hereto as Exhibit "B" to the Affidavit of Daniel C. Steppick and incorporated herein by reference. It was noted on the record that the EEOC had not at that time issued a Right to Sue letter as to the September 2009 EEOC Charge of Discrimination. The parties, however, agreed that all such matters, including those arising under Title VII and/or section 1981 were before the Arbitrator and that "whatever findings here shall be res judicata as to all of his claims." *Id.* Stoker's counsel, attorney Alex Castetter of Stuckey, Garrigan & Castetter in Nacogdoches, Texas agreed and noted "I think we are best served to cover all issues at this point, and we are in agreement with that." *Id.* Stoker was present with his counsel when the record was made. *Id.* All matters arising from Stoker's July 7, 2009 discharge were litigated as part of the Arbitration proceeding and were denied along with Stoker's other claims by the award in the binding Arbitration proceeding.

C.     **Stoker's claims are barred by the doctrines of *res judicata* and collateral estoppel.**

9.     Stoker's claims of retaliation and discriminatory discharge were litigated in the Arbitration. Those claims are, therefore, barred by *res judicata*. *Res judicata* applies where "(1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Procter & Gamble Co. v. Amway Corp.* 376 F.3d 496, 499 (C.A. (Tex.), 2004) (citing *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)).

10     The arbitration proceeding included the exact same parties: Wayne Stoker, Claimant and Norris Cylinder /TriMas Corporation, Respondents. *See* Award at 1. The binding arbitration conducted pursuant to the company's policy, has the same effect as a judgment of a court.

Defendant Norris Cylinder Company's Motion to Dismiss

Generally, "a valid and final award by arbitration has the same effects under the rules of *res judicata*, subject to the same exceptions and qualifications, as a judgment of a court." *United States Postal Serv. v. Gregory*, 534 U.S. 1, 16 (2001) (Ginsburg, J., concurring) (quoting Restatement (Second of Judgments §84 (1982)).

11. The arbitration action concluded with a final judgment on the merits. *See* Award at 12. Finally, in the arbitration proceeding, Stoker alleged the same claims of retaliatory discharge and/or discharge for reasons of racial discrimination that he alleges in this new lawsuit. *See* Award at 1 and 10-12. As a result, *res judicata* applies and bars Stoker's claims alleged in his Complaint.

12. Alternatively, Stoker's claims are barred by the doctrine of collateral estoppel or issue preclusion.

> "Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action."

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 397 (5th Cir. 2004).

13. The issues at stake in this case, retaliatory discharge and discharge for discriminatory reasons, are identical to those issues Stoker raised. The Arbitrator denied all of Stoker's claims after taking evidence for three full days. *See* Award at 12. The Arbitrator's ruling on Stoker's retaliation and discriminatory claims was necessary to the disposition of the arbitration proceeding. Accordingly, Stoker's claims are also barred by the doctrine of collateral estoppel.

14. Accepting as true Stoker's allegations and drawing all reasonable inferences in favor of the plaintiff, Stoker has not and cannot sustain a claim against Defendants Norris Cylinder Company and TriMas Corporation because all of his claims have been litigated and are barred by *res judicata* and collateral estoppel. Dismissal is appropriate.

**D.     Request for confirmation of Arbitration Award.**

15. Alternatively, and to the extent necessary to invoke the doctrines of res judicata and collateral estoppel, Defendants ask the Court to confirm the April 26, 2010 Arbitrator's Award, attached hereto as Exhibit "A" to the Affidavit of Daniel C. Steppick. *See American Postal Workers Union v. United States Postal Service*, 2010 WL 1962676 at *4 (N.D. Tex. May 14, 2010).

16. Section 9 of the Federal Arbitration Act ("FAA") states that a motion to confirm an arbitration award "must" be granted "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11." *See* 9 U.S.C.A. §9. Stoker has not petitioned to vacate, modify or correct the award pursuant to section 12 of the FAA. No facts exist that would support such a petition.

17. Moreover, any such petition to vacate, modify or correct would be untimely. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. §12. The award was filed April 26, 2010 and delivered no later than April 30, 2010 to counsel for both parties, via email from the American Arbitration Association. *See* Affidavit of Daniel C. Steppick. Stoker's deadline for any notice under section 12 was no later than July 30, 2010. No such notice was filed.

Defendant Norris Cylinder Company's Motion to Dismiss

18.  Defendants have one year from the date the award is made to seek confirmation from a Court. *See* 9 U.S.C.A. §9. Accordingly, Defendants' request for confirmation is timely. Since Stoker failed to timely petition to vacate, modify or correct the award, the court must confirm the award under the automatic confirmation procedures of section 9 of the FAA.

E.  **Request for Expedited Consideration.**

19.  Defendants respectfully request that the Court consider this motion on an expedited basis. Defendants have calculated their answer date to fall within the next 6 days, and thus obtaining a ruling on this motion to dismiss is critical in determining whether further action on behalf of Defendants is required at this time.

F.  **Prayer for Relief**

20.  WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff's suit be dismissed, that Plaintiff take nothing by reason of this suit, and that the April 26, 2010 Arbitration Award attached hereto be confirmed by this Court. Defendants, in addition, pray for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

SHIPMAN STEPPICK. P.C.
400 West Oak Street, Suite 205
Denton, Texas 76201
(940) 382-4140
(940) 382-4345 FAX

BY:   /s/ Daniel C. Steppick
Daniel C. Steppick
State Bar No. 00791732
dan@shipmansteppick.com

Amanda Montgomery-Childress
State Bar No. 24065779
amanda@shipmansteppick.com

**ATTORNEYS FOR DEFENDANTS**

8 | Page

## CERTIFICATE OF SERVICE

On this 10th day of February, 2011, the foregoing document was electronically submitted with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5 (b)(2).

*Via CMRRR #7010 0290 0003 1012 1997*
*And First Class US Mail*
Mr. Wayne A. Stoker
11604 FM 2011E
Rusk, Texas 75652

/s/ Daniel C. Steppick
Daniel C. Steppick