IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WAYNE A. STOKER | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-583-TJW-CE |
| | § | |
| NORRIS CYLINDER COMPANY / | § | |
| TRIMAS CORPORATION. | § | |

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is defendant Norris Cylinder Company/TriMas Corporation's ("Defendant") motion to dismiss plaintiff Wayne Stoker's ("Plaintiff") complaint pursuant to Rule 12(b)(6) (Dkt. No. 8). Defendant argues that Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel and, therefore, Plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons that follow, the undersigned recommends that the court GRANT Defendant's motion to dismiss.

### I.   INTRODUCTION

Plaintiff's first amended complaint alleges claims of race discrimination and/or retaliation arising from the termination of his employment on July 7, 2009. These alleged claims were not, however, Plaintiff's first charges of discrimination against Defendant. Plaintiff's complaint states that at the time of his termination he had a "prior EEOC charge" pending in arbitration. This charge was filed with the EEOC on May 8, 2008, alleging discrimination and retaliation in violation of Title VII. Then on May 20, 2008, Plaintiff filed an additional EEOC charge again alleging discrimination and retaliation in violation of Title VII. On January 13, 2009, Plaintiff filed a demand for arbitration pursuant to Defendant's alternative dispute resolution policy.

While discovery in that case was underway, Plaintiff alleges that Defendant concocted a plan to retaliate against him for his EEOC allegations. It is this plan which Plaintiff alleges resulted in his termination on July 7, 2009.

On September 9, 2009, Plaintiff filed another discrimination charge with the EEOC, alleging the same claims underlying the present lawsuit – that is, race discrimination and/or retaliation arising from Plaintiff's July 7, 2009 termination. Plaintiff did not, however, receive a notice of right to sue with regard to this charge until September 27, 2010. In the interim, on January 25, 2010, the above referenced arbitration proceeding began. Although Plaintiff had not yet received a right to sue letter with regard to his September 2009 EEOC retaliation charges, he pleaded those charges in the arbitration proceeding. In fact, the arbitrator's award specifically notes that on "July 7, 2009, while this Arbitration was pending, Norris Cylinder discharged Claimant. That act led to the 2009 discrimination charges which are part of this proceeding." Furthermore, counsel for both parties and the arbitrator agreed on the record that "all of Stoker's claims against the company were before the Arbitrator specifically including the matters raised in Stoker's September 2009 EEOC Charge regarding his termination." Ex. B at 17-19, attached to Defendant's Motion To Dismiss, Dkt. No. 8. It was noted on the record that the EEOC had not at that time issued a right to sue letter as to the September 2009 EEOC charge of discrimination. *Id*. The parties, however, agreed that all such matters, including those arising under Title VII and/or § 1981 were before the Arbitrator and that "whatever findings here shall be res judicata as to all of his claims." *Id*. Plaintiff's counsel agreed and noted that, since § 1981 has no exhaustion requirements, he thought the parties were "best served to cover all issues at this point." *Id*. Plaintiff was present with his counsel when the record was made. *Id*.

On April 26, 2010, the arbitrator issued an award opinion denying Plaintiff's claims in their entirety. Then, as mentioned above, on September 27, 2010, Plaintiff received his notice of right to sue with regard to his 2009 EEOC charges. Plaintiff then proceeded to file the present action on December 27, 2010.

## II.   DISCUSSION

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss for failure to state a claim, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has, however, noted with approval

> that various other circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993).  In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.

*Collins*, 224 F.3d at 499. Plaintiff's complaint specifically references an arbitration regarding a "previous EEOC charge." This reference incorporates the actual arbitration decision that resolved Plaintiff's "previous EEOC charge" and his September 2009 EEOC charge into Plaintiff's complaint. Defendant merely attached documents from those proceedings in an effort to assist the court in making a decision as to whether Plaintiff has stated a claim upon which relief can be granted.

3

Defendant argues that Plaintiff's claims of retaliation and discriminatory discharge were litigated in the arbitration and are, therefore, barred by res judicata. Under Fifth Circuit law, res judicata applies where "(1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (quoting *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)). If these conditions are satisfied, "all claims or defenses arising from a 'common nucleus of operative facts' are merged or extinguished." *Id*. (quoting *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663 (5th Cir. 1994)).

Here, the arbitration proceeding included the exact same parties. Furthermore, the arbitration proceedings resulted in a final judgment on the merits, in which the arbitrator issued an award that has the same legal effect as a judgment of this court. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 16 (2001) ("a valid and final award by arbitration has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court."); *see also Nelson v. AMX Corp.*, No. 3:04–cv–1350–H, 2005 WL 2495343 at *6 (N.D. Tex. Sept. 22, 2005) ("A valid and final arbitration award has the same res judicata effect as the judgment of a court."). Finally, in the arbitration proceeding, Stoker alleged the same claims of retaliatory discharge and/or discharge for reasons of racial discrimination that he alleges in this lawsuit. As such, the undersigned recommends that the court conclude that res judicata applies to bar Plaintiff's claims.

The court should further reject Plaintiff's argument that the arbitrator lacked jurisdiction to adjudicate the claims arising from Plaintiff's 2009 EEOC charge. Plaintiff contends that

because the EEOC had not yet issued a right to sue letter on the 2009 charges at the time the arbitrator disposed of them, the arbitrator had no jurisdiction over the claims.  "[T]he receipt of an EEOC right-to-sue letter[, however,] is not a jurisdictional prerequisite, but rather is a condition precedent subject to various equitable modifications." *Russell v. Good Shepherd Med. Ctr.*, No. 2-08-CV-206, 2009 WL 2487108 at *2 (E.D. Tex. Aug, 12, 2009); *see also Young v. Houston*, 906 F.2d 177, 180 (5th Cir. 1990).  Furthermore, the scope of inquiry of a court hearing in a Title VII action is not limited to the exact charge brought to the EEOC.  *Young*, 906 F.2d at 179-80.  Rather, the scope of inquiry "is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Id.* (quoting *Sanchez v. Standard Brands*, 431 F.2d 455, 466 (5th Cir. 1970)).  In fact, "[i]n light of the broad scope given to EEOC charges under the statute, acts occurring subsequently would need to be significantly different in nature from those made subject of the EEOC charge before a district court would refuse jurisdiction over them as well."  *Held v. Missouri Pac. R. Co.*, 373 F.Supp. 996, 1001 (S.D. Tex. 1974).  Here, Plaintiff alleges that Defendant concocted a plan to terminate him in retaliation for his May 2008 EEOC charges of discrimination.  As such, the September 2009 charges allege conduct that can be reasonably expected to grow from the May 2008 EEOC charges that initiated the arbitration proceeding.  *See Held*, 373 F.Supp. at 1001 ("[w]here the practices complained of as arising after the EEOC charge are retaliatory in nature, jurisdiction should be retained. Aside from the strong policy reason for discouraging employer conduct likely to deter an employee's free exercise of his or her rights under the Act, the Fifth Circuit … has suggested that exhaustion is not required under these circumstances, there being ancillary jurisdiction over such claims.").  Accordingly, the undersigned recommends that the court conclude that the arbitrator had jurisdiction over Plaintiff's September 2009 EEOC charges.

### III.     CONCLUSION

For the foregoing reasons, the undersigned recommends that the court conclude that Plaintiff's claims are barred by the doctrine of res judicata.  The court should, therefore, GRANT Defendant's motion to dismiss and DISMISS this case with prejudice.  A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court.  Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of August, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE